1  VAN DE POEL, LEVY & ALLEN, LLP
   JEFFREY W. ALLEN, Cal. Bar. No. 99240
2  NINA PAUL, Cal. Bar No. 249954
   1600 South Main Plaza, Suite 325
3  Walnut Creek, California 94596
   Telephone:    (925) 934-6102
4  Facsimile:    (925) 934-6060
   E-Mail:       jallen@vanlevylaw.com
5                npaul@vanlevylaw.com
6
   Attorneys for Plaintiff
7  LESLIE WARD

8  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
9    Including Professional Corporations
   JENNIFER G. REDMOND, Cal. Bar No. 144790
10 M. MICHAEL COLE, Cal. Bar No. 235538
   JESSICA M. SIMMONS, Cal. Bar No. 273163
11 Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4109
12 Telephone:    415-434-9100
   Facsimile:    415-434-3947
13 E-Mail:       jredmond@sheppardmullin.com
                 mmcole@sheppardmullin.com
14               jsimmons@sheppardmullin.com
15
   Attorneys for Defendants
16 TATE ACCESS FLOORS and
   MARK JOHNSON
17
18              UNITED STATES DISTRICT COURT
19            NORTHERN DISTRICT OF CALIFORNIA
20                      (OAKLAND)
21

22 LESLIE WARD,                          Case No. C 11-02139-CW

23              Plaintiff,               Assigned to Judge Claudia Wilken

24     v.                                [PROPOSED] PROTECTIVE ORDER

25 TATE ACCESS FLOORS, a corporation;
   MARK JOHNSON, an individual; and      [F.R.C.P. 26(c)]
26 DOES 1 through 25, inclusive,

27              Defendants.
                                         Action Filed:   April 29, 2011
28

-1-

# I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section X, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

# II.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

1    2.5    Receiving Party: a Party that receives Disclosure or Discovery Material
2 from a Producing Party.

3    2.6    Producing Party: a Party or non-party that produces Disclosure or
4 Discovery Material in this action.

5    2.7    Designating Party: a Party or non-party that designates information or
6 items that it produces in disclosures or in responses to discovery as "Confidential."

7    2.8    Protected Material: any Disclosure or Discovery Material that is designated
8 as "Confidential."

9    2.9    Outside Counsel of Record: attorneys who are not employees of a Party but
10 who are retained to represent or advise a Party in this action and have appeared in this action on
11 behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

12    2.10    House Counsel: attorneys who are employees of a Party.  House Counsel
13 does not include Outside Counsel of Record or any other outside counsel.

14    2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well
15 as their support staffs).

16    2.12    Expert: a person with specialized knowledge or experience in a matter
17 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert
18 witness or as a consultant in this action.

19    2.13    Professional Vendors: persons or entities that provide litigation support
20 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
21 organizing, storing, retrieving data in any form or medium; etc.) and their employees and
22 subcontractors.

23

24                III.    SCOPE
25

26    The protections conferred by this Stipulation and Order cover not only Protected Material
27 (as defined above), but also (1) any information copied or extracted therefrom; (2) all copies,
28 excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or

1   presentations by Parties or Counsel that might reveal Protected Material.  However, the

2   protections conferred by this Stipulation and Order do not cover the following information: (a) any

3   information that is in the public domain at the time of disclosure to a Receiving Party or becomes

4   part of the public domain after its disclosure to a Receiving Party as a result of publication not

5   involving a violation of this Order, including becoming part of the public record through trial or

6   otherwise; and (b) any information known to the Receiving Party prior to the disclosure or

7   obtained by the Receiving Party after the disclosure from a source who obtained the information

8   lawfully and under no obligation of confidentiality to the Designating Party.

9

10                          IV.    DURATION

11

12          Even after the termination of this litigation, the confidentiality obligations imposed by this

13   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

14   otherwise directs.

15

16                   V.    DESIGNATING PROTECTED MATERIAL

17

18          5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

19   Party or Non-Party that designates information or items for protection under this Order must take

20   care to limit any such designation to specific material that qualifies under the appropriate

21   standards.  A Designating Party must take care to designate for protection only those parts of

22   material, documents, items, or oral or written communications that qualify – so that other portions

23   of the material, documents, items, or communications for which protection is not warranted are

24   not swept unjustifiably within the ambit of this Order.

25          If it comes to a Party's or a non-party's attention that information or items that it

26   designated for protection do not qualify for protection, or do not qualify for the level of protection

27   initially asserted, that Party or non-party must promptly notify all other parties that it is

28   withdrawing the mistaken designation.

Case No. C 11-02139-CW                                      -4-
W02-WEST:5YES1\403665233.1

1    5.2    Manner and Timing of Designations. Except as otherwise provided in this

2  Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

3  protection under this Order must be clearly so designated before the material is disclosed or

4  produced.

5    Designation in conformity with this Order requires:

6    (a) for information in documentary form (e.g., paper or electronic

7  documents, excluding transcripts of depositions or other pretrial or trial proceedings), that the

8  Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected

9  material.  If only a portion or portions of the material on a page qualifies for protection, the

10  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

11  markings in the margins).

12    (b) for testimony given in deposition or in other pretrial or trial proceedings,

13  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

14  close of the deposition, hearing, or other proceeding, all protected testimony.  When it is

15  impractical to identify separately each portion of testimony that is entitled to protection, and when

16  it appears that substantial portions of the testimony may qualify for protection, the Party or non-

17  party that sponsors, offers, or gives the testimony will have up to 20 days to identify the specific

18  portions of the testimony as to which protection is sought.  Only those portions of the testimony

19  that are appropriately designated for protection within the 20 days shall be covered by the

20  provisions of this Stipulated Protective Order.

21    Transcript pages containing Protected Material must be separately bound by

22  the court reporter, who must affix to each such page the legend "CONFIDENTIAL."

23    (c) for information produced in some form other than documentary, and for

24  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

25  container or containers in which the information or item is stored the legend "CONFIDENTIAL."

26  If only portions of the information or item warrant protection, the Producing Party, to the extent

27  practicable, shall identify the protected portions.

28

1       5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

2  to designate qualified information or items as "Confidential" does not, standing alone, waive the

3  Designating Party's right to secure protection under this Order for such material.  If material is

4  appropriately designated as "Confidential" after the material was initially produced, the Receiving

5  Party, on timely notification of the designation, must make reasonable efforts to assure that the

6  material is treated in accordance with the provisions of this Order.

7

8             VI.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9

10       6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

11  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

12  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

13  waive its right to challenge a confidentiality designation by electing not to mount a challenge

14  promptly after the original designation is disclosed.

15       6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

16  resolution process by providing written notice of each designation it is challenging and describing

17  the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and

18  must begin the process within 14 days of the date of service of notice.  In conferring, the

19  Challenging Party must explain the basis for its belief that the confidentiality designation was not

20  proper and must give the Designating Party an opportunity to review the designated material, to

21  reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

22  the chosen designation.  A Challenging Party may proceed to the next stage of the challenge

23  process only if it has engaged in this meet and confer process first.

24       6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

25  intervention, the Challenging Party shall file and serve a motion  under Civil Local Rule 7 that

26  identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

27  motion must be accompanied by a competent declaration that affirms that the movant has

28  complied with the meet and confer requirements imposed in the preceding paragraph.

1    Until the court rules on the challenge, all parties shall continue to afford the

2    material in question the level of protection to which it is entitled under the Producing Party's

3    designation until the court rules on the challenge.

4

5    ## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

6

7    7.1    Basic Principles. A Receiving Party may use Protected Material that is

8    disclosed or produced by another Party or by a Non-Party in connection with this case only for

9    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

10   disclosed only to the categories of persons and under the conditions described in this Order.  When

11   the litigation has been terminated, a Receiving Party must comply with the provisions of section

12   XI, below (FINAL DISPOSITION).

13   Protected Material must be stored and maintained by a Receiving Party at a

14   location and in a secure manner that ensures that access is limited to the persons authorized under

15   this Order.

16   7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

17   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

18   disclose any information or item designated CONFIDENTIAL only to:

19   (a) the Receiving Party's Outside Counsel of record in this action, as well as

20   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

21   information for this litigation;

22   (b) the officers, directors, and employees (including House Counsel) of the

23   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

24   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

25   (c) Experts (as defined in this Order) of the Receiving Party to whom

26   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

27   Bound by Protective Order" (Exhibit A);

28   (d) the Court and its personnel;

Case No. C 11-02139-CW                          -7-
W02-WEST:5YES1\403665233.1

1    (e) court reporters, their staffs;

2    (f) Professional Vendors to whom disclosure is reasonably necessary for

3  this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (g) during their depositions, witnesses in the action to whom disclosure is

5  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

6  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

7  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

8  separately bound by the court reporter and may not be disclosed to anyone except as permitted

9  under this Stipulated Protective Order;

10    (h) the author of the document containing the information.

11

12  VIII.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

13  <u>OTHER LITIGATION.</u>

14

15    If a Party is served with a subpoena or an order issued in other litigation that would

16  compel disclosure of any information or items designated in this action as "CONFIDENTIAL,"

17  the Party must:

18    (a)    promptly notify in writing the Designating Party, and in no event more than

19  three court days after receiving the subpoena or order.  Such notification must include a copy of

20  the subpoena or court order.

21    (b)    promptly notify in writing the party who caused the subpoena or order to

22  issue in the other litigation that some or all the material covered by the subpoena or order is the

23  subject of this Protective Order.  Such notification shall include a copy of this Stipulated

24  Protective Order; and

25    If the Designating Party timely seeks a protective order, the party served with the

26  subpoena or court order shall not produce any information designated in this action as

27  "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued,

28

Case No. C 11-02139-CW                                    -8-
W02-WEST:5YES1\403665233.1

1   unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear

2   the burden and expense of seeking protection in that court of its confidential material.

3

4             IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

5

6          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7   Material to any person or in any circumstance not authorized under this Stipulated Protective

8   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

9   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

10  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

11  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

12  Be Bound" that is attached hereto as Exhibit A.

13

14            X.     FILING PROTECTED MATERIAL.

15

16         Without written permission from the Designating Party or a court order secured after

17  appropriate notice to all interested persons, a Party may not file any Protected Material in the

18  public record in this action.  A Party that seeks to file under seal any Protected Material must

19  comply with Civil Local Rule 79-5.  Prior to filing a request to seal any documents, the Party

20  seeking the request to file under seal shall initiate a meet and confer process with the Designating

21  Party.  The parties shall attempt to resolve in good faith whether a request to seal is necessary.

22

23

24           XI.    FINAL DISPOSITION.

25

26         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

27  after the final termination of this action, each Receiving Party must return all Protected Material to

28  the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

1   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

2   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

3   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

4   Material is returned or destroyed, the Receiving Party must submit a written certification  to the

5   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

6   deadline that identifies (by category, where appropriate) all the Protected Material that was

7   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

8   abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

9   Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

10  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

11  even if such materials contain Protected Material.  Any such archival copies that contain or

12  constitute Protected Material remain subject to this Protective Order as set forth in section IV

13  (DURATION), above.

14

15                              XII.   MISCELLANEOUS

16

17              12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

18  person to seek its modification by the Court in the future.

19              12.2   Right to Assert Other Objections.  By stipulating to the entry of this

20  Protective Order no Party waives any right it otherwise would have to object to disclosing or

21  producing any information or item on any ground not addressed in this Stipulated Protective

22  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

23  the material covered by this Protective Order.

24

25  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26

27

28

1 | Dated: August 2, 2011

VAN DE POEL, LEVY & ALLEN, LLP

2

3 | By   /s/ Nina Paul (with permission)
Jeffrey W. Allen
Nina Paul

4 | Attorneys for Plaintiff
LESLIE WARD

5

6

7 | Dated: August 2, 2011

SHEPPARD MULLIN RICHTER & HAMPTON LLP

8

9 | By   /s/ Michael Cole

10 | M. Michael Cole
Attorneys for Defendants
TATE ACCESS FLOORS

11 | MARK JOHNSON

12

13

14

15 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17 | DATED:     **8/9/2011**

UNITED STATES DISTRICT COURT JUDGE

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3
I, _____ [print or type full name], of

4
_____ [print or type full address], declare under penalty of

5
perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6
issued by the United States District Court for the Northern District of California on [date] in the

7
case of Leslie Ward v. Tate Access Floors and Mark Johnson, Case No. C 11-02139-DMR. I agree

8
to comply with and to be bound by all the terms of this Stipulated Protective Order and I

9
understand and acknowledge that failure to so comply could expose me to sanctions and

10
punishment in the nature of contempt.  I  solemnly promise that I will not disclose in any manner

11
any information or item that is subject to this Stipulated Protective Order to any person or entity

12
except in strict compliance with the provisions of this Order.

13
I further agree to submit to the jurisdiction of the United States District Court for the

14
Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15
Order, even if such enforcement proceedings occur after termination of this action.

16
I hereby appoint _____ [print or type full name] of

17
_____ [print or type full address and telephone number] as

18
my California agent for service of process in connection with this action or any proceedings

19
related to enforcement of this Stipulated Protective Order.

20

21
Date: _____

22
City and State where sworn and signed: _____

23
Printed name:

24
[printed name]

25

26
Signature:

27

28
[signature]

-1-